

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1320–10

### DENNIS WAYNE LIMON, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### SAN PATRICIO COUNTY

**MEYERS, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Nobody gives a teenager permission to allow strangers into their home. Yet, the majority focuses on what apparent authority the child in this case may have had to let the cops into the house at 2 o'clock in the morning. Since no actual authority would *ever* be given to a minor child in these circumstances, we are just ignoring reality and wasting our time analyzing this question. In my experience, no one gives their minor children any authority to allow strangers to enter their home. The police should presume that minors

have no authority to consent to entry and should ask to speak to an adult. If no adults are available then the officers need to get a warrant (and possibly call CPS). The majority's solution will always depend upon a fact-specific analysis resulting in a problematic uncertain determination.

The officers' actions in this case could only be legal if the parents gave the child actual authority to allow strangers into the home, which simply defies common sense. As the Supreme Court said in *Watts v. Indiana*, 338 U.S. 49, 52 (1949), "there comes a point where this Court should not be ignorant as judges of what we know as men."

I respectfully dissent.


Meyers, J.



Filed: June 15, 2011

Publish